***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments before the Full Commission. With reference to the errors assigned by Plaintiff, the Full Commission finds that Plaintiff has not shown good grounds to rehear the parties or their representatives or to reopen the record, except for the additional records submitted upon directive of the Full Commission. Upon reconsideration of the evidence, Full Commission reaches the same holding as the Deputy Commissioner, but has substantially modified the findings of fact. Accordingly, the Full Commission AFFIRMS, with modifications, the prior Opinion and Award and enters the following Opinion and Award.
 *********** *Page 2 
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. All parties are properly before the Commission.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On the date of injury, the parties were subject to, and bound by, the provisions of the North Carolina Workers' Compensation Act, and an employment relationship existed between Plaintiff and Defendant-Employer.
4. At the time of the most recent hearing before Deputy Commissioner Holmes, Plaintiff was 62 years old.
5. Plaintiff was first employed by Defendant-Employer in 1985. On February 22, 1986, Plaintiff experienced an electrical shock injury while working at Texas Gulf for the Defendant-Employer. Plaintiff's claim was accepted on a Form 21 Agreement. In a prior Opinion and Award by Deputy Commissioner John Charles Rush filed September 21, 1990, Plaintiff was awarded lifetime medical benefits for his a trial fibrillation, hyperthyroidism (condition became hypothyroidism after treatment), and depression, all resulting from the electrical shock injury. Deputy Commissioner Rush determined that Plaintiff's temporary total disability from his injury ended on September 2, 1986 and that Plaintiff did not sustain any permanent disability as a result of his injury. Plaintiff did not appeal from this Opinion and Award. In a subsequent Opinion and Award, the North Carolina Industrial Commission found the plaintiff's organic brain dysfunction to be related to his electrical shock injury.
6. Plaintiff has brought numerous claims before the Industrial Commission. In the current claim, Plaintiff has requested that Defendants pay for his alleged scarring of his heart and *Page 3 
thyroid gland due to his electrical injury. Plaintiff is also alleging that he sustained "mental scarring" as a direct consequence of his injury. Before the Full Commission, Plaintiff appears to be seeking compensation for damage to important internal organs under N.C. Gen. Stat. § 97-31(24).
7. At the hearing in this matter, Deputy Commissioner Holmes stated that "the Court is going to take judicial notice of . . . all I.C. filings that have been made in this case." The Deputy Commissioner also made all documents in the Industrial Commission's official records from prior hearings a part of the record in the current proceeding. The Full Commission has reviewed and considered prior records, including deposition testimony in making a determination in this case.
8. Upon review of the deposition transcript of Dr. Frederick Austin dated August 22, 1989 and the deposition transcript of Dr. Randal White dated October 10, 1989, as well as medical records in evidence, the Full Commission finds that evidence related to whether plaintiff sustained permanent injury (which would encompass scarring) to important body organs was presented at the hearing before Deputy Commissioner Rush. Although he did not specifically mention "loss of or permanent injury to any important external or internal organ or part of the body" in his findings of fact and conclusions of law, Deputy Commissioner Rush did conclude that Plaintiff was not entitled to compensation for permanent injury and he cited N.C. Gen. Stat. § 97-31(24) as the statute he was referencing in reaching his conclusion. Therefore, the issue of whether Plaintiff sustained permanent injury to his heart and thyroid gland has already been determined by a final, binding Opinion and Award. Notwithstanding, Plaintiff attempted to relitigate this issue through the filing of a claim for change of condition in 1992. With respect to Plaintiff's 1992 claim for change of condition, the Full Commission, following the Supreme *Page 4 
Court decision in Clugh v. Lakewood Manor,330 N.C. 609, 411 S.E.2d 609 (1992) determined that Plaintiff's claim was barred. This decision is now final and binding.
9. The 1994 final Opinion and Award of the Full Commission did find and conclude, however, that Plaintiff had organic brain dysfunction and recurrent depression, which were causally related to his compensable electrical shock injury. Plaintiff's organic brain dysfunction was diagnosed after the Opinion and Award of Deputy Commissioner Rush; therefore, his decision was not a bar to Plaintiff's 1992 claim. The 1994 Full Commission decision only awarded Plaintiff medical compensation for his organic brain dysfunction and recurrent depression as Plaintiff's disability after 1989 was found to be due to an unrelated back injury which had been settled by a clincher agreement in I.C case number 943389. The 1994 decision of the Full Commission found as a fact that the clincher agreement specifically excluded payment of psychiatric medical bills. Therefore the clincher was found to not be a bar to payment of medical expenses for plaintiff's depression and organic brain dysfunction.
10. Unless the current claim was released in the clincher agreement, or otherwise barred, Plaintiff's claim for "mental scarring" to his brain is properly before the Industrial Commission. Since medical and indemnity compensation has previously been awarded in this case and Plaintiff did not bring the current claim for mental scarring to his brain within two years after the 1994 decision of the Full Commission finding his organic brain dysfunction compensable, Plaintiff's claim is barred pursuant to N.C. Gen. Stat. § 97-42. Assuming arguendo that Plaintiff's claim is not barred, the Full Commission finds as fact that there is no medical evidence establishing that Plaintiff's organic brain dysfunction has caused any permanent injury to his brain. *Page 5 
11. Defendants have requested that Plaintiff be ordered to pay their costs and attorneys' fees pursuant to N.C. Gen. Stat. § 97-88.1. Plaintiff is representing himself; he has a ninth grade education and he has compensable organic brain dysfunction and depression relating to his electrical shock injury. Also, the issue of permanent damage to Plaintiff's brain has not specifically been mentioned in prior decisions. The Full Commission finds that Plaintiff's prosecution of this claim does not constitute stubborn, unfounded litigiousness.
 ***********
Based upon the foregoing findings of fact, Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff's claim for compensation for "loss of or permanent injury to any important external or internal organ or part of the body" with respect to his heart and thyroid gland has been previously determined and is therefore barred. Plaintiff's claim for mental scarring due to his organic brain dysfunction is also barred under N.C. Gen. Stat. § 97-42 and Clugh v. Lakewood Manor,330 N.C. 609, 411 S.E.2d 609 (1992). Even if not barred, there is no evidence establishing that Plaintiff has a compensable claim for "loss of or permanent injury to any important external or internal organ or part of the body" which encompasses his claim for "mental scarring" as a result of his organic brain dysfunction. N.C. Gen. Stat. §§ 97-31(24) and 97-47; Watkins v. Central MotorLines, 279 N.C. 132, 181 S.E.2d 588 (1971).
2. Defendants' are not entitled to attorney fees under N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the full Commission enters the following:
 AWARD *Page 6 
1. Plaintiff claim for compensation is DENIED.
2. Defendants' request for attorney fees under N.C. Gen. Stat. § 97-88.1 is DENIED.
3. IT IS ORDERED that the documents submitted after oral arguments upon request of the Full Commission are admitted into evidence and added to the transcript exhibits.
This the __ day of September 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER